UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIAN PARKER,

Plaintiff,

v.

JOSEPH B. EDLOW, *et al.*,

Defendants.

Civil Action No. 26-2578 (JEB)

MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding under the proposed pseudonym Julian Parker, has filed this lawsuit under the Administrative Procedure Act and the Mandamus Act against several U.S. Citizenship and Immigration Services officials, the Secretary of the Department of Homeland Security, the Acting Attorney General of the United States, and the United States Attorney for the District of Columbia. See ECF No. 1 (Compl.). Parker was granted asylum in the United States in April 2025, and she recently filed suit "seek[ing] an order requiring Defendants to adjudicate [her] pending Form I-485, Application to Register Permanent Residence or Adjust Status." Id. at 6. She alleges that her application has been pending for about fifteen months, and that this delay prevents her from enlisting in the United States Army. Id. at 9–11. Plaintiff now moves to proceed under a pseudonym, see ECF No. 2 (Mot.), which the Court will grant.

I.      Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental

1

processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test.  Id. (internal quotation marks and citation omitted).  That test assesses "five non-exhaustive factors":

(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Plaintiff has demonstrated sufficient privacy interests that outweigh the public's presumptive interest in learning her identity.

At the outset, Parker seeks to preserve her anonymity in relation to "a matter of a sensitive and highly personal nature."  Id. at 326 (cleaned up).  She claims that disclosure would risk "retaliatory harm by officials of, or persons acting on behalf of, the People's Republic of China."  Mot. at 6.  Because Plaintiff's suit relates to her "asylum-based adjustment of status,"

disclosing her identity here could reveal her "asylum history and the factual basis for that grant, including information identifying Plaintiff as a political or religious dissident." Id. at 3; see also id. at 16–20. She alleges that disclosure would therefore undermine her safety as well as that of her family members — including her mother, brother, and minor nephew residing in Beijing. Id. at 6–10.

If plaintiffs seek pseudonymity to "maintain[] their and their family members' safety," this first factor generally favors such requests. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023). This has arisen, for instance, in the context of foreign-national plaintiffs with immigration-related lawsuits who fear for their and/or their family members' safety in their own country and in cases in which the plaintiff's identity itself is sensitive. See, e.g., id. (factor helped plaintiffs who had received threats and alleged "that a terrorist group has previously used the family's identification information to issue specific threats that drove them from their home"); Alpha v. Mayorkas, No. 23-1438, ECF No. 3 (Mem. Op.) at 3 (D.D.C. May 23, 2023) (factor favored pseudonymity where, "[i]n a set of detailed declarations, Plaintiffs describe the grave threats that they have already experienced at the hands of the Taliban and that they could experience if made to return to that country after having filed this public lawsuit"); Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *2 (D.D.C. July 3, 2023) (same where "Plaintiff's identity has not been publicly disclosed and is itself sensitive in light of the risks to which its revelation could expose him"); Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 3 (D.D.C. Oct. 13, 2023) (same where Afghan interpreter plaintiff "mentions that he and his family have already received direct threats by phone and at their door from the Taliban because of his service to the U.S. military, and that the Taliban has already killed one of his relatives") (quotation marks omitted).

Here, Parker has filed an affidavit explaining her credible fear of serious harm if she were identified by name.  See ECF No. 2-2 (Exh.) at ECF p. 3.  Her affidavit discusses various instances of persecution that began early in her childhood and intensified after she started studying in the United States and seeking enlistment in the U.S. Army.  Id. at ECF pp. 5–11.  She also contends that disclosure could motivate retaliation against her family members who still reside in Beijing.  See Mot. at 6–10.

To be sure, these allegations suggest that much of the risk arises from circumstances unrelated to the present suit.  But Parker has sufficiently alleged that disclosure of her identity here would exacerbate that risk by potentially revealing her "asylum history and the factual basis for that grant, including information identifying Plaintiff as a political or religious dissident."  Id. at 3.  The first factor therefore supports pseudonymity.

The second factor favors pseudonymity where either a party or "innocent non-parties" would face the "risk of retaliatory physical or mental harm" upon disclosure.  In re Sealed Case, 971 F.3d at 326 (quotation marks omitted).  For instance, it clearly supports pseudonymity in cases where a plaintiff describes particular threats that he has received or has credible grounds to believe would follow from disclosure.  See, e.g., J.K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (factor favors pseudonymity when plaintiffs faced "threats of retaliation" from foreign government); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents . . . .").  Risks of mental harm can also suffice, especially in scenarios where a plaintiff is mentally ill or already suffering other psychological issues.  See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could

exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity.").

As discussed above, Plaintiff has credibly alleged a risk of retaliatory physical and mental harm to herself and her family. See Mot. at 6–10. For instance, she describes a "threatening call" from a Chinese police officer who instructed her to "report to Beijing's police station where [she] would be 'educated.'" Exh. at ECF pp. 9–10. Parker's mother has also been contacted multiple times by the Communist Youth League of China and questioned about Parker's activities abroad. Id. Plaintiff explains that her mother was recently diagnosed with "deep depression" and "moderate anxiety," id. at ECF p. 11 — psychological conditions that render her especially vulnerable to "renewed governmental pressure." Mot. at 19–20. The second factor therefore also favors pseudonymity.

The third factor tilts similarly toward pseudonymity because disclosure could implicate the privacy interests or safety of a minor. See, e.g., Doe v. Blinken, No. 23-2997, Mem. Op. at 4 ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Sept. 12, 2023) (factor favored motion "to some extent" where "Plaintiffs indicate that one of them is a minor, and revealing the other Plaintiffs' identities risks undermining the anonymity of that person"); Z.J. v. Dist. of Columbia, No., ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity because, "[a]lthough Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (quotation marks omitted).

Here, Plaintiff contends that her minor nephew in Beijing would face retaliatory harm from disclosure, see Mot. at 10–11, and she points to an affidavit from her grandmother alluding

to the Chinese police's knowledge of his whereabouts. Id. at 11; Exh. at ECF p. 21. In combination with Plaintiff's allegations that her family has been "marked by generations of ideological targeting and political mistreatment," Exh. at ECF p. 4–5, the Court concludes that disclosure could potentially implicate the safety of her minor nephew.

The fourth factor favors pseudonymity. In cases with a government defendant, this factor turns on the nature of relief sought. Anonymity is favored when a plaintiff seeks individualized relief but disfavored when she seeks program-wide relief. Compare Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (internal citation omitted), with In re Sealed Case, 971 F.3d at 329 ("That public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."). Here, Plaintiff has sued government actors seeking individualized relief. See Compl. at 15–16; Mot. at 13–14. The fourth factor therefore favors pseudonymity.

The fifth and final factor tilts the same way. Because Plaintiff has already disclosed her identity under seal, see ECF 2-1 (Decl.), this factor favors pseudonymity. See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. U.S. Immigr. & Customs Enf't, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion where defendant already knows plaintiff's identity); R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (same because "[w]hile this is not a case in which Defendant knows

their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*").

In sum, all factors weigh in favor of granting the Motion to proceed pseudonymously. That tilts the balance in Plaintiff's favor, at least on the current record.

### III.    Conclusion

The Court accordingly ORDERS that:

1.  Plaintiff's [2] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2.  All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3.  For all public filings, the parties shall redact Plaintiff's name, age, date of birth, address, Social Security number, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and

4.  Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of her [2] Motion and any attachments on the public docket, with the supporting Declaration remaining under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 28, 2026

7